21870

T. E. WANNAMAKER, INC., Appellant, v. The CITY OF ORANGEBURG, Respondent.
(300 S. E. (2d) 729)

*Marshall B. Williams*, of *Williams & Williams*, Orangeburg, and *Francenia B. Heizer*, Columbia, *for appellant.*

*C. Walker Limehouse*, Orangeburg, *for respondent.*

March 7, 1983.

*Per Curiam:*

This petition was brought to determine the constitutionality of S. C. Code Ann. § 28-9-20 (1976) which provides for the selection of freeholders to serve on a condemnation board, and for an order to disqualify certain allegedly biased freeholders designated by the City of Orangeburg to serve on the board. The circuit court held there was no denial of due process where members of a condemnation board or panel may be partial so long as the property owner is given the right of appeal to the courts.[1] We affirm.

Respondent was constructing an electrical transmission line in and near its city limits. Permanent easements and rights-of-way over numerous tracts of land were needed for the construction and maintenance of the line. Most of the landowners granted easements and rights-of-way; five condemnation proceedings were necessary to acquire the others.

Section 28-9-20 of the Code provides for the selection of five freeholders — two chosen by the municipality, two chosen by the landowner, the fifth chosen by those four — to serve on the condemnation board. It further provides, "The five so selected, before fixing the value thereof or assessing any damages which may be due the landowner or owners, shall be sworn to do impartial justice between said municipality and said landowner or owners . . . ."

Appellant did not argue the easement or right-of-way should not be granted to respondent, but contended the persons selected by respondent to serve on the condemnation board were biased in favor of respondent and should not be allowed to serve on the board.[2] If so allowed, his right to due process would be violated.

---

[1] The circuit court made no finding that the freeholders selected by the City of Orangeburg were biased in favor of the city. Appellant objected to the city's appointees principally because they were real estate appraisers who expected to be reasonably compensated for their services.

[2] It is interesting to note Dr. T. E. Wannamaker served as one of the landowner's designees in one of the other four proceedings.

The circuit court concluded there was no denial of due process where members of a condemnation board may be partial so long as the landowner was given the right of appeal to the courts where a trial *de novo* may be had, and dismissed appellant's petition.

When a landowner is given due notice that his land will ■ be condemned, and that he may appeal to the court and have his damages passed upon by a jury, the constitutional requirements of equal protection and due process of law and trial by jury are satisfied. *Jennings v. Sawyer*, 182 S. C. 427, 189 S. E. 746 (1937) (citing *Bramlett v. City Council*, 88 S. C. 110, 70 S. E. 450; *Wilson v. Greenville County*, 110 S. C. 321, 96 S. E. 301).

In *South Carolina Western Railway v. Ellen*, 95 S. C. 68, 78 S. E. 963 (1913), this Court, in discussing the taking of property under eminent domain by a condemnation board which may be improperly influenced, concluded that if the landowner has a right of appeal to the courts for a trial *de novo*, his right to due process has not been denied. *See also* Annot. 74 A.L.R. 569 (1931).

The proceedings before the condemnation board are ■ not judicial proceedings, and the landowner is entitled to appeal to the courts for a trial *de novo;* therefore, we hold appellant's right to due process of law was not violated where allegedly biased freeholders were selected by the respondent to serve on the condemnation board.

Accordingly, the order of the circuit court is affirmed.

Affirmed.