291 S.C. 460 (1987)
354 S.E.2d 378
SOUTH CAROLINA MEDICAL MALPRACTICE LIABILITY INSURANCE JOINT UNDERWRITING ASSOCIATION, Appellant
v.
Stephen W. FERRY, D.D.S., Linda Sue Moore, Bonny Arlene Bennett and Catherine E. Harter, Defendants, of whom Stephen W. Ferry, D.D.S., is the Respondent.
22685
Supreme Court of South Carolina.
Heard January 21, 1987.
Decided March 23, 1987.
*461 John L. Choate and Henry S. Knight, Jr., of Nelson, Mullins, Grier & Scarborough, Columbia, for appellant.
A. Parker Barnes, Jr., of Barnes, Davis & Tupper, Beaufort, and James B. Richardson, Jr., Columbia, for respondent.
Heard Jan. 21, 1987.
Decided March 23, 1987.
CHANDLER, Justice:
Appellant, South Carolina Medical Malpractice Liability Insurance Joint Underwriting Association (JUA), brought this declaratory judgment action to determine the extent of its obligation under an insurance policy issued to respondent, Stephen W. Ferry, D.D.S. (Dr. Ferry). The Circuit Court held JUA had a duty to defend Dr. Ferry in certain litigation and to provide coverage.
We affirm in part and reverse in part.

FACTS
Dr. Ferry is a specialist in oral and maxillofacial surgery, duly licensed by the South Carolina State Board of Dentistry. Between April and September of 1983, he treated defendants Linda Sue Moore, Bonny Arlene Bennett and Catherine E. Harter (patients) for the removal of wisdom teeth. In May 1984 each patient brought suit against Dr. Ferry, *462 charging him with the commission of an intentional tort, to wit, that he had taken "indecent liberties with private parts of her body and invaded her privacy." Additional allegations of misconduct were referred to as negligence and recklessness. However, no ultimate facts in support of these allegations were set out. Despite the use of the terms "negligence" and "recklessness," the allegations charged the commission of an intentional tort only.
JUA refused to provide Dr. Ferry a legal defense. It contended the patients' allegations charged him with conduct which did not arise from the performance of "professional services rendered" within the meaning of JUA's insurance policy and, accordingly, were not within the policy's coverage.
Thereafter, the patients served amended complaints which re-alleged the intentional tort, and added negligence and recklessness causes of action, alleging that Ferry failed: (1) to exercise ordinary care in the administration of anesthesia or medications, (2) to perform a physical examination of the patients prior to surgery, (3) to obtain a proper informed consent and (4) to properly record dosage of anesthesia and medications.
JUA then undertook the defense of Dr. Ferry under a reservation of rights, and instituted the present action to determine its obligations under the policy. Dr. Ferry answered and counterclaimed, alleging damages based on JUA's failure to defend the original complaints.[1]
After a hearing, the Circuit Court held that both the original and the amended complaints contained allegations sufficient to invoke a duty, to defend and to provide coverage.

ISSUES
1. Under what circumstances is JUA required to defend and to provide coverage?
2. Did JUA have a duty to defend Dr. Ferry under the patients' original complaints?
*463 3. Did JUA have a duty to defend Dr. Ferry under the patients' amended complaints?

I. INSURER'S OBLIGATIONS

A. Duty to Defend
An insurer's duty to defend is separate and distinct from its obligation to pay a judgment rendered against an insured. Sloan Construction Co., Inc. v. Central National Ins. Co. of Omaha, 269 S.C. 183, 236 S.E. (2d) 818 (1977). However, these duties are interrelated. If the facts alleged in a complaint against an insured fail to bring a claim within policy coverage, an insurer has no duty to defend. R.A. Earnhardt Textile Machinery Division, Inc. v. S.C. Ins. Co., 277 S.C. 88, 282 S.E. (2d) 856 (1981). Accordingly, the allegations of the complaint determine the insurer's duty to defend. Hartford Accident and Indemnity Co. v. South Carolina Ins. Co., 252 S.C. 428, 166 S.E. (2d) 762 (1969).

B. Coverage
The JUA policy insures Dr. Ferry for "all sums which the insured shall become legally obligated to pay as damages because of any claims made against the insured arising out of the performance of professional services rendered ..." [Emphasis supplied]. JUA contends the policy does not provide coverage here because sexual misconduct does not arise out of the practice of dentistry.
We agree that the scope of professional services does not include all forms of a physician's conduct simply because he is a physician. As the Supreme Court of Nebraska emphasized in Marx v. Hartford Accident and Indemnity Co., 183 Neb. 12, 157 N.W. (2d) 870 (1968):
The insurer's liability is thus limited to the performing or rendering of "professional" acts or services. Something more than an act flowing from mere employment or vocation is essential.... A "professional" act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual.

*464 [Citations omitted]. In determining whether a particular act is of a professional nature or a "professional service" we must look not to the title or character of the party performing the act, but to the act itself. [Citations omitted].
157 N.W. (2d) at 871-72. See also Mason v. Liberty Mutual Ins. Co., 370 F. (2d) 925 (5th Cir.1967); Gulf Ins. Co. v. Gold Cross Ambulance Service Co., 327 F. Supp. 149 (W.D. Okla. 1971); Keepes v. Doctors Convalescent Center, Inc., 89 Ill. App. (2d) 36, 231 N.E. (2d) 274 (1967); D'Antoni v. Sara Mayo Hospital, 144 So. (2d) 643 (La. App. 1962); Swassing v. Baum, 195 Neb. 651, 240 N.W. (2d) 24 (1976).
In Hirst v. St. Paul Fire & Marine Ins. Co., 106 Idaho 792, 683 P. (2d) 440 (Ct. App. 1984), with facts and issues strikingly similar to those in the present action, the court held an insurance policy which provided liability coverage for damages resulting from the furnishing or withholding of professional services did not afford coverage for a physician's sexual assault upon a patient. See also Smith v. St. Paul Fire & Marine Ins. Co., 353 N.W. (2d) 130 (Minn. 1984) [holding doctor's sexual advances upon patients were solely for the satisfaction of his prurient interests and therefore not within coverage of professional liability policy]. We agree the JUA policy would not provide coverage for an intentional tort, here an alleged sexual assault upon a patient.

II. THE ORIGINAL COMPLAINTS
JUA contends that Dr. Ferry's conduct, as alleged in the original complaints, may only be characterized as intentional. Because the policy does not provide coverage for intentional tortious conduct, JUA argues that no duty to defend was invoked. We agree.
As indicated earlier in this opinion, a close reading of the original complaints shows that the alleged conduct labeled "negligent" or "reckless" refers only to intentional acts. We hold JUA had no duty to defend, as the acts alleged therein are not within the scope of policy coverage. See Hirst, supra.

*465 III. THE AMENDED COMPLAINTS
JUA makes essentially the same argument with regard to the amended complaints. It contends that the conduct charged in the amended complaints alleges the commission of an intentional tort only. We disagree. The allegations in the amended complaints are distinguished from those in the original complaints. They sufficiently state maintainable causes of action in professional negligence and recklessness. Accordingly, we hold JUA had a duty to defend the amended complaints.[2]
Affirmed in part; reversed in part.
NESS, C.J., GREGORY and FINNEY, JJ., and Acting Associate Justice LAWRENCE E. RICHTER, Jr., concur.
NOTES
[1] By stipulation, the issues raised in the counterclaim were preserved for resolution at a later date and are not at issue in this appeal. However, we note that this opinion renders moot all issues involved in the counterclaim.
[2] After the Circuit Court's order in this case was filed, JUA settled the patients' claims. The terms of that settlement are in no way involved in this appeal, and we express no opinions as to the rights of the parties thereunder.