■ SMITH JEAN, INC., Appellant, v ROYAL GLOBE INSURANCE COMPANIES, Respondent.—In an action for a judgment declaring that the defendant has the duty to defend and indemnify the plaintiff with respect to a certain accident, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated May 19, 1986, which, upon the

granting of the defendant's motion for summary judgment, dismissed the plaintiff's complaint against it.

Ordered that the judgment is modified, by adding a provision thereto that the defendant is under no obligation to either defend or indemnify the plaintiff Smith Jean, Inc., pursuant to the terms of insurance policy No. PLU961532 with respect to the accident in question; as so modified, the judgment is affirmed, with costs to the defendant.

This dispute concerns the failure of the defendant insurer to defend and indemnify the plaintiff insured in an action, the gravamen of which was a violation of General Obligations Law § 11-101 (the Dram Shop Act). The contract of insurance contained an exclusionary clause precluding coverage for bodily injury from a sale of alcoholic beverages based only on a statutory violation. The contract also included a "products hazard" clause providing coverage for "bodily injury and property damage arising out of (a) the named insured's products or (b) reliance upon a representation or warranty made with respect thereto". The defendant initially disclaimed coverage but subsequently agreed to assume the defense of the action under a complete reservation of its rights. After submitting an answer on behalf of the plaintiff, the defendant disclaimed coverage upon the advice of counsel who had been retained to defend the action. A settlement was reached in the underlying "Dram Shop" action and the plaintiff now seeks reimbursement from the defendant.

It is well settled that the burden is upon the insurer to establish that the injury complained of falls outside the coverage of the policy or is exempted by reason of an exclusionary clause (see, Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875). If the insurer can establish, as a matter of law, that the claims against the assured are unambiguously excepted from coverage, summary judgment in favor of the insurer is proper (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, rearg denied 28 NY2d 859). The policy herein unambiguously excepted from coverage a claim involving a sale of alcoholic beverages founded upon statutory violations. Therefore, the underlying claim against the plaintiff, which asserted a violation of General Obligations Law § 11-101, fell outside the coverage of the policy. The "products hazard" clause does not negate the exclusionary clause.

Further, we note that the defendant's initial undertaking of

the defense of the action against the plaintiff did not operate as a waiver or estoppel of the defense of noncoverage. As the defendant only assumed the defense under a complete reservation of its rights, the finding of a waiver is precluded. Since the record clearly indicates that the plaintiff was not prejudiced by the defendant's actions, an estoppel does not lie *(see, Hartford Ins. Group v Mello,* 81 AD2d 577).

We find that defendant insurer does not, as a matter of law, have a duty to defend or indemnify its insured for its liability in the underlying action.

We have examined the plaintiff's remaining contentions and find them to be without merit.

Since the instant action is for a declaratory judgment, a suitable declaration has been made *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.