818 P.2d 172

**EXCHANGE INSURANCE COMPANY, a foreign corporation, Plaintiff/Appellee,**

v.

**MAR–FRAN ENTERPRISES, INC., an Arizona corporation; John Webb, a married man; Rhoda Haverinche, a married woman; Cathy Lynn Kent, a single woman, Defendants/Appellants.**

No. 2 CA–CV 90–0271.

Court of Appeals of Arizona, Division 2, Department B.

April 25, 1991.

Review Denied Oct. 22, 1991.

Tryon, Heller & Rayes, P.C. by Douglas L. Rayes, Phoenix, for plaintiff/appellee.

Davis & Eppstein, P.C. by Terrence G. Kuchel, Tucson, for defendant/appellant Kent.

## OPINION

HOWARD, Presiding Judge.

The issue in this action for a declaratory judgment is whether an endorsement to an insurance policy granted liability coverage which was specifically excluded. The trial court held that it did not and granted summary judgment in favor of Exchange Insurance Company (Exchange). We agree and affirm.

Cathy Lynn Kent filed a complaint in the Pima County Superior Court alleging that she was injured in a one-car accident after she became intoxicated and was asked to leave Webb's Steak House in Tucson, owned by Mar–Fran Enterprises, Inc. (Mar–Fran). She alleged that John Webb and Rhoda Haverinche negligently continued to serve her intoxicating beverages although they knew she was becoming intoxicated and then ordered her to leave the premises when they knew she was in no condition to drive. When the defendants in the lawsuit asked Exchange to defend them, Exchange filed a complaint for declaratory judgment.

At all relevant times Mar–Fran was the insured under a comprehensive general liability policy issued by Exchange. The cov-

erage included products liability, but contained the following exclusion:

This insurance does not apply:

\* \* \* \* \* \*

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages ...

The policy also contained the following definition:

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

Products hazard was re-defined by an endorsement to the policy which stated:

It is agreed that with respect to bodily injury or property damage arising out of the named insured's products manufactured, sold, handled or distributed

(1) on, from or in connection with the use of any premises described in this endorsement, or

(2) in connection with the conduct of any operation described in this endorsement, when conducted by or on behalf of the named insured, the definition of "products hazard" is amended to read as follows:

"products hazard" includes bodily injury and property damage arising out of (a) the named insured's products or (b) reliance upon a representation or warranty made with respect thereto; but only if the bodily injury or property damage occurs after physical possession of such products has been relinquished to others;

■ Appellants do not contend that the exclusion does not apply under the original terms in the body of the policy. They contend that the endorsement, by using the language "in connection with the conduct of any operation described in this endorsement," modified the basic policy, eliminating the exclusion of coverage for alcoholic beverages sold or served on the premises. This contention is without merit.

The only difference between the endorsement and the original policy is that under the original definition of products hazard the bodily injury or property damage had to occur away from the premises in order for there to be coverage, whereas under the endorsement all that was necessary was that the bodily injury or property damage occur after physical possession of the product has been relinquished to others. In other words, the bodily injury or property damage could take place on the premises and still be covered.

■ The effect of making the endorsement part of the policy is that, as part of the policy, it must be construed with it. A.R.S. § 20–1119. Provisions in the body of the policy are not to be abrogated, waived, limited, or modified by the provisions of an endorsement unless expressly stated therein that such provisions are substituted for those in the body of the policy, or unless the provisions in the policy proper and the endorsement are conflicting. 13A J. Appleman, *Insurance Law and Practice*, § 7538, 164–65 (1976). The endorsement here does not mention the exclusion. It does not conflict with the exclusion. Endorsements do not limit or change the basic policy except as specifically set out in the endorsement. *Swift & Company v. Zurich Insurance Co.*, 511 S.W.2d 826 (Mo. 1974). This case does not materially differ in effect from *Smith Jean, Inc. v. Royal Globe Insurance Companies*, 526 N.Y.S.2d 604, 139 A.D.2d 503 (1988), where the court held that the products hazard clause did not negate the exclusionary clause which excepted coverage for a claim involving a sale of alcoholic beverages founded upon statutory violations.

The endorsement became part of the policy as if originally set forth in the policy and is subject to the plain and unambiguous language in the exclusion.

Affirmed.

FERNANDEZ, C.J., and JAMES C. CARRUTH, J.*, concur.