23977

Suzanne LAZERSON, Respondent v. HILTON HEAD HOSPITAL, INC., Hospital Corporation of America, Inc., James Nigriny, M.D., Michael A. Platt, M.D., Harold Hunter, M.D., Paul Houmann, M.D., B. Robert Trotter, M.D., Christopher Jansen, M.D., Hoffman-LaRoche, Inc., d/b/a Roche Laboratories, Coastal Emergency Services, Inc., Thomas Charles Meditz, Jr., Robert MacKay Lee and Linda Rene Yeary Schnelle, of whom Hilton Head Hospital, Inc. is Appellant.

(439 S.E. (2d) 836)

Supreme Court

*Joseph R. Barker, Bethea, Jordan & Griffin, P.A.,* Hilton Head, *J. Rutledge Young, Jr.* and *Stephen P. Groves, Young, Clement, Rivers & Tisdale,* Charleston, *Cody W. Smith, Jr., Holmes & Thomson,* Charleston, *for appellant.*

*James H. Moss,* Beaufort, and *James B. Richardson, Jr., Svalina, Richardson & Smith,* Columbia, *for respondents.*

*Michael W. Tighe* and *Louis H. Lang, Callison, Tighe, Robinson & Anastasion,* Columbia, *for amicus curiae SC Hosp. Ass'n.*

*Daryl G. Hawkins, Lewis, Babcock & Hawkins,* Columbia, *for amicus curiae SC Trial Lawyers Ass'n.*

Heard Nov. 1, 1993.

Decided Jan. 6, 1994.

MOORE, Justice:

Appellant (Hospital) appeals the trial judge's ruling that S.C. Code Ann. §§ 33-55-200(a) and -210 (1990), which limit a charitable organization's liability, are unconstitutional. We reverse.

## FACTS

Respondent (Lazerson) commenced this medical malpractice action alleging she was injured by an overload of intravenous fluids and a subsequent unsuccessful endotracheal intubation to correct respiratory arrest. Hospital moved to limit liability under S.C. Code Ann. §§ 33-55-200(a) and -210 (1990). The trial judge denied the motion. On reconsideration, however, he granted Hospital's motion and limited its liability to $200,000 actual damages. Lazerson then moved for a ruling that §§ 33-55-200(a) and -210 were unconstitutional. The trial judge granted this motion and ruled Hospital was not entitled to limit its liability. Hospital appeals.

## ISSUE

Whether §§ 33-55-200(a) and -210 violate due process.

## DISCUSSION

Section 33-55-200(a) provides:

"Charitable organization" means any organization, institution, association, society, or corporation which is exempt from taxation pursuant to Section 501(c)(3) or 501(d) of Title 26 of the United States Code, as amended, or Section 12-7-330[1] of the Code of Laws of South Carolina, 1976.

---

[1] Section 12-7-330 provided state income tax exemptions to certain organizations. It was repealed in 1985.

Section 33-55-210 limits the tort liability of charitable organizations to actual damages not exceeding $200,000.

Lazerson sought to have these statutes declared unconstitutional on the ground they create an irrebuttable presumption that an organization exempt from taxation under the Internal Revenue Code qualifies as a "charitable organization" and thus is entitled to the limitation on liability. The trial judge found Lazerson was deprived of the right to litigate whether Hospital qualified as a charitable organization and these statutes therefore violated due process. We disagree.

Where no fundamental right is implicated and the legislation in question bears a rational relation to a legitimate legislative objective, an irrebuttable presumption does not violate due process if it is based upon "an objective criterion" which bears "a sufficiently close nexus with underlying policy objectives." *Weinberger v. Salfi*, 422 U.S. 749, 771, 95 S.Ct. 2457, 2470, 45 L.Ed. (2d) 522 (1975). We recently held a statutory limitation on damages infringes no fundamental right. *Wright v. Colleton County School District*, 301 S.C. 282, 391 S.E. (2d) 564 (1990) (Tort Claims Act). Moreover, we have already ruled that the limitation on liability available to a charitable organization under §§ 33-55-200(a) and -210 bears a rational relationship to a legitimate legislative objective. *Doe v. American Red Cross Blood Services*, 297 S.C. 430, 377 S.E. (2d) 323 (1989).

Applying the *Weinberger* test, we find tax exempt status under the Internal Revenue Code to be an objective criterion that bears a close nexus with the underlying legislative policy to preserve the resources of charitable organizations. *See Doe, supra.* Accordingly, we hold §§ 33-55-200(a) and -210 satisfy due process. It is for the legislature and not this Court to determine what criteria best establish eligibility for the statutory limitation on liability. Since these statutes pass constitutional muster, we defer to the legislature's judgment.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.