2171

FEDERATED MUTUAL INSURANCE COMPANY, Appellant
v. PIEDMONT PETROLEUM CORP., Respondent.

(444 S.E. (2d) 532)

Court of Appeals

*H. Carlisle Bean,* of *Bean & Bean,* Spartanburg, *for appellant.*

*J. David Flowers,* of *Ness, Motley, Loadholt, Richardson & Poole,* Greenville, *for respondent.*

Heard March 9, 1994.

Decided April 1, 1994; Reh. Den. June 24, 1994.

CONNOR, Judge:

Federated Mutual Insurance Company brought a declaratory judgment action to determine whether it owed a duty to defend a lawsuit brought against its insured, Piedmont Petroleum Corporation and whether it provided coverage under the policy. The trial court held there was a duty to defend and coverage existed for the underlying claim. Federated appeals. We reverse.

Piedmont's policy with Federated contained the following exclusion:

c. "Bodily injury" or "property damage" for which any "insured" may be held liable *by reason of:*

1. The furnishing of alcoholic beverages to a person under the legal drinking age; or

2. Any statute, ordinance or regulation relating to the

sale, gift, distribution or use of alcoholic beverages.
This exclusion applies only if you are in the business of man-
ufacturing, distributing, selling, serving or furnishing alco-
holic beverages.

(Emphasis ours).

On April 7, 1989, Alan Tuten, a minor, was severely injured
in an automobile accident. Tuten brought an action against
Piedmont Petroleum, alleging the April 1989 accident was
proximately caused by the sale of alcohol to a minor by a Pied-
mont employee. Specifically, Tuten alleged, in part:

Piedmont Petroleum Corp. was negligent, reckless, will-
ful and wanton in the following particulars:
a. In failing to promulgate proper policy for agents, em-
ployees and franchisees concerning the sale of alcoholic
beverages, or if so promulgated, in failing to properly
instruct employees regarding such procedures and fail-
ing to enforce them;
b. In failing to have in place proper personnel proce-
dures for the hiring and supervision of employees and
agents, especially with regard to the sale of alcohol;
c. In hiring employees and agents which defendant
Piedmont Petroleum Corp. knew or should have known
were unqualified and incapable of carrying out the du-
ties imposed upon them as store clerks;
d. In allowing alcohol to be sold through its employees
and agents to minors in violation of the law;
e. In failing to act as a reasonable and prudent person
or entity would have acted under the circumstances ex-
isting on the date of the accident;
all of which are in violation of the statutory and common
laws of the state of South Carolina, and all of which com-
bined and concurred to directly and proximately cause
the injuries and damages sustained by Alan R. Tuten, Jr.

The trial court ruled Tuten sought recovery under several
legal theories, including failure to promulgate proper policies
concerning sale of alcohol, negligent hiring and supervision of
employees, negligent hiring of unqualified and incapable em-
ployees, and negligent failure to act as a reasonable and pru-
dent person would under similar circumstances. That court
ruled these constituted independent negligent acts, separate

and distinct from Tuten's allegation of allowing alcohol to be sold to minors through its employees and agents. The court focused on the allegations of the Tuten complaint and found Federated was required to provide a defense based upon the separate claims. Federated then brought this appeal.

An insurer's duty to defend is separate and distinct from its obligation to pay a judgment rendered against an insured. *South Carolina Medical Malpractice Liab. Ins. Joint Underwriting Association v. Ferry*, 291 S.C. 460, 354 S.E. (2d) 378 (1987). However, these duties are interrelated. *Id.* If the facts alleged in a complaint against an insured fail to bring a claim within the policy coverage, an insurer has no duty to defend. *Id.* Accordingly, the allegations of the complaint determine the insurer's duty to defend. *Id.* Moreover, an insurer has no duty to defend an insured where the damage was caused by a reason unambiguously excluded under the policy. *See Falkosky v. Allstate Ins. Co.*, — S.C. —, 429 S.E. (2d) 194 (Ct. App.) *aff'd as modified*, — S.C. —, 439 S.E. (2d) 836 (1993) (an insurer has no duty to defend where liability is excluded from coverage).

The policy here excludes coverage for injury or damages for which Piedmont Petroleum "may be held liable *by reason of*" (1) furnishing of alcohol to a person under the legal drinking age, or (2) any statute regulating alcohol. Piedmont did not claim this exclusion was prohibited by law. To the contrary, the evidence indicates the Insurance Department required the exclusion at the time of the Tuten accident.

*McPherson v. Michigan Mutual Insurance Co.*, — S.C. —, 426 S.E. (2d) 770 (1993) controls the facts of this case. In that case McPherson sued the City of Charleston for injuries he suffered in an accident with a police officer who was chasing a fleeing prowler. The complaint alleged the City failed to train and supervise its police officers in the proper use of patrol cars. The City's general liability policy excluded coverage for "injuries arising out of the ownership, operation, or use of an automobile." The Supreme Court held "arising out of" should be narrowly construed as "caused," and found no causal link under those facts. The court reasoned that "without the police officer's allegedly negligent operation of the patrol car, there is no link by which the City's negligence can be independently connected to McPherson's injuries."

There is no real distinction between "arising out of" and "by reason of." Here Tuten's injuries were proximately caused by the sale of alcohol to a minor. In other words, without that sale, there is no causal link by which Piedmont's negligence can be independently connected to Tuten's injuries. The trial court, therefore, erred in finding Federated had a duty to defend and ultimately provide coverage. Accordingly, the judgment is

Reversed.

BELL and GOOLSBY, JJ., concur.