491 S.E.2d 695

**B.L.G. ENTERPRISES, INC. d/b/a The Alley Bar, Respondent,**

**v.**

**FIRST FINANCIAL INSURANCE COMPANY, Connie K. Smith and Larry James, as co-conservators of Tina D. James, and Beverly Ann Wetterman, Defendants, of whom First Financial Insurance Company is Appellant.**

**No. 2713.**

Court of Appeals of South Carolina.

Heard June 4, 1997.

Decided Aug. 18, 1997.

Rehearing Denied Sept. 18, 1997.

Jennifer E. Johnsen and Phillip E. Reeves, both of Gibbes, Gallivan, White & Boyd, Greenville, for appellant.

Steven M. Krause and Robert L. Waldrep, Jr., Anderson, for respondent.

HEARN, Judge:

This is an appeal from the decision of a master in a declaratory judgment action. First Financial Insurance Company argues that the master committed prejudicial error when he determined that the insurance policy of B.L.G. Enterprises, Inc. d/b/a The Alley Bar provided coverage and created a duty to defend for injuries arising from the alleged negligent service of alcoholic beverages. We reverse.

## FACTS

B.L.G. commenced this declaratory judgment action when First Financial refused to defend The Alley Bar in a tort action against it for negligently serving alcohol. By order of reference, the master concluded that First Financial's policy issued to B.L.G. provided coverage for the acts and omissions set forth in the underlying tort action. He reached this decision by virtue of an endorsement to the policy concerning a products hazard liability provision.

The insurance policy provided coverage for damages because of bodily injury or property damage arising out of "completed operations or products liability" hazards. The policy, however, expressly excluded in provision (h) all liability arising from the manufacture, distribution, or sale of alcohol contributing to the intoxication of any person. The policy also contained an endorsement, which redefined the definition of "products hazard" to include "bodily injury and property damage arising out of (a) the named insured's products or (b) reliance upon a representation or warranty made with respect thereto; but only if the bodily injury or property damage occurs after physical possession of such products has been relinquished to others."

## DISCUSSION

First Financial argues that the master erred when he determined that coverage was afforded under B.L.G.'s insurance policy. More specifically, the insurer contends that exclusion (h) of the policy unambiguously precludes coverage and that the "products hazard" endorsement does not apply. We agree.

■ The construction of a clear and unambiguous contract is a question of law for the court. *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 105, 413 S.E.2d 866, 868 (Ct.App.), *cert. denied,* (June 17, 1992). If the language of the contract is clear and unambiguous, its plain and ordinary meaning determines the contract's force and effect. *E.g., C.A.N. Enters., Inc. v. South Carolina Health & Human Serv. Fin. Comm'n,* 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988). Courts do not have the authority to make new contracts for parties. Rather, their duty is limited to interpretation of the contract made by parties, "regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully." *Id.* at 378, 373 S.E.2d at 587.

■ B.L.G. correctly notes that where an insurance policy contains an internal inconsistency created by an exclusion which purports to bar coverage for claims arising out of the very operation sought to be insured, the policy is rendered ambiguous, and the court must resolve that ambiguity in favor of coverage. *Isle of Palms Pest Control Co. v. Monticello Ins. Co.,* 319 S.C. 12, 19, 459 S.E.2d 318, 321 (Ct.App.1994), *aff'd by* 321 S.C. 310, 468 S.E.2d 304 (1996). Although exclusion (h) precludes coverage for actions arising out of B.L.G.'s negligent service of alcohol, it leaves intact coverage for the substantial liability associated with injuries to patrons from food and beverages that occur before they leave the premises. First Financial's policy, therefore, does not exclude what it purports to cover.

■ Moreover, insurers have no duty to defend the insured where damages are caused by a reason clearly excluded under the policy. *Federated Mut. Ins. Co. v. Piedmont Petroleum Corp.,* 314 S.C. 393, 396, 444 S.E.2d 532, 533 (Ct.App.1994). As in *Federated,* exclusion (h) of B.L.G.'s policy clearly excludes coverage for dram shop liability. B.L.G.'s policy provides general liability coverage only for "Completed Operations and Products Liability."

■ Although South Carolina courts have not addressed the precise effect of an endorsement on an insurance policy exclusion, we adopt the reasoning of other courts that have examined this issue. These courts have held that so long as an endorsement does not conflict expressly with the corpus of the

policy, the policy is not rendered ambiguous. *See, e.g., State Auto. Ins. Ass'n v. Young Men's Republican Club of Allegheny County, Inc.*, 663 F.Supp. 1077, 1083 (W.D.Pa.1987); *Exchange Ins. Co. v. Mar–Fran Enters., Inc.*, 169 Ariz. 187, 818 P.2d 172, 173 (Ct.App.), *review denied*, (Oct. 22, 1991); *Smith Jean, Inc. v. Royal Globe Ins. Co.*, 139 A.D.2d 503, 526 N.Y.S.2d 604, 605 (1988).

Here, we see no conflict between the endorsement and the policy. First Financial agreed to defend B.L.G. in claims arising out of a general category of liability: that arising from bodily injury or property damage, including damage caused by B.L.G.'s products. From this general category, however, B.L.G. and First Financial agreed to exclude certain categories of liability. Liability arising from the service of alcohol in violation of statute is one such exception. Apart from minor formatting changes, the only difference between the original definition of "products hazard" and the endorsement is that under the original definition of the term, bodily injury or property damage *had to occur away from the premises* in order for there to be coverage, whereas the endorsement deleted the emphasized language. In other words, the endorsement extends coverage for completed operations and products liability hazards to situations in which products, such as food and beverages, injure patrons before they leave the premises. The endorsement thus leaves undisturbed the policy's exclusion of coverage for an intoxicated patron who leaves and causes injury to himself or others.[1] To read the policy in any other way would negate not only the policy's dram shop liability exclusion, but any other exclusion that purports to preclude coverage for situations that otherwise would fall within the scope of the policy's broad language, even if that exclusion appeared in the clearest and most unambiguous terms.

■ Accordingly, we conclude that First Financial has no duty to defend B.L.G. because its insurance policy unambigu-

---

1. We express no opinion about whether alcoholic beverages, so far as they are defective, can give rise to products liability within the scope of the policy.

ously precludes coverage and is not rendered ambiguous by the products hazard endorsement.[2]

REVERSED.

CURETON and STILWELL, JJ., concur.

---

2. Nothing in the record or pleadings suggests that B.L.G. applied for dram shop liability coverage and that the insurer unilaterally limited that coverage, resulting in a policy different from that which was bargained for by the parties. As noted by this court in *Universal Underwriters Ins. Co. v. Metropolitan Property & Life Ins. Co.,* " '[I]nsurers have the right to limit their liability and to impose whatever conditions they desire upon an insured, provided they are not in contravention of some statutory inhibition or public policy.' Within these parameters, [insureds and insurers have] the freedom to contract for whatever terms they [want]." 298 S.C. 404, 409–10, 380 S.E.2d 858, 861 (Ct.App.1989) (citations omitted).