Brenda **NEWLAND, Appellant,**

v.

**Nohaud N. AZAN, D.D.S., Respondent.**

No. WD 53752.

Missouri Court of Appeals,
Western District.

Oct. 14, 1997.

As Modified Nov. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 1997.

Application for Transfer Denied
Jan. 27, 1998.

Lynne J. Bratcher, Kansas City, for Appellant.

Terry M. Evans, Trenton, for Respondent.

Before HOWARD, P.J., and
BRECKENRIDGE and HANNA, JJ.

HOWARD, Presiding Judge.

This is an appeal from the trial court's grant of Respondent's motion for partial summary judgment. Brenda Newland sought dental treatment from Dr. Nohaud Azan, a dentist licensed in the State of Missouri, for a root canal and related dental procedures. Newland was treated by Dr. Azan on May 4 and May 8, 1995. Newland alleged that on May 8, 1995, while she was in the dental chair, Dr. Azan sexually assaulted her after giving her several painkiller shots. Newland alleged that Dr. Azan touched her pubic area, kissed her, caressed her cheek and hand, rubbed his own genital area, and made sexually suggestive comments. All of these events occurred while Dr. Azan was treating Newland and performing dental services.

Newland filed a petition stating claims for professional negligence, battery, and infliction of emotional distress, and a count seeking punitive damages. Dr. Azan filed a motion for partial summary judgment on the claim of professional negligence, claiming there were no material facts in dispute showing that Dr. Azan committed professional negligence in sexually assaulting Newland. The trial court granted the motion for partial summary judgment. Newland then dismissed the remaining counts without prejudice, and this appeal ensued.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993); Rule 74.04(c). To prove her claim of dental malpractice, Newland must show Dr. Azan's acts: (1) fell below the requisite standard of care; (2) were performed negligently; and (3) caused her claimed injury. *Blake v. Irwin*, 913 S.W.2d 923, 928 (Mo.App. W.D.1996). We find that Newland has not presented a valid malpractice claim, and the trial court did not err in

granting Dr. Azan's motion for summary judgment on the professional negligence claim.

## Standard of Care

■ First, Newland must show that Dr. Azan's acts fell below the requisite standard of care for a dentist. For a health care worker, the standard of care requires the worker to use the degree of skill and learning ordinarily used under the same or similar circumstances by members of the worker's profession. *Washington v. Barnes Hosp.*, 897 S.W.2d 611, 615 (Mo. banc 1995). Expert testimony generally must be introduced to establish the standard of care in a medical negligence case. *Ladish v. Gordon*, 879 S.W.2d 623, 628 (Mo.App. W.D.1994). Edward Mosby, D.D.S., an expert witness retained by Newland, testified in his deposition that the behavior of Dr. Azan fell below the standard of care of a practicing dentist. However, Dr. Mosby only testified that Dr. Azan's sexual conduct fell below the standard of care for a dentist. Significantly, he did not testify that Dr. Azan's dental services fell below the requisite standard of care.

This is a case of first impression in Missouri. However, several jurisdictions have decided cases with facts similar to those presented here. *See Lindheimer v. St. Paul Fire & Marine Ins. Co.*, 643 So.2d 636 (Fla. Dist.Ct.App.1994); *Steven G. v. Herget*, 178 Wis.2d 674, 505 N.W.2d 422 (App.1993); *Roe v. Federal Ins. Co.*, 412 Mass. 43, 587 N.E.2d 214 (1992); *Niedzielski v. St. Paul Fire & Marine Ins. Co.*, 134 N.H. 141, 589 A.2d 130 (1991); *Standard Fire Ins. Co. v. Blakeslee*, 54 Wash.App. 1, 771 P.2d 1172 (1989); *South Carolina Med. Malpractice Liab. Ins. Joint Underwriting Ass'n v. Ferry*, 291 S.C. 460, 354 S.E.2d 378 (1987). In these cases, the issue was whether the dentist's malpractice insurance covered injuries resulting from a sexual assault on a patient that took place while the dentist was performing dental services. The courts considered whether sexual assault constituted "professional services" rendered by the dentist, for the purpose of determining coverage by the insurance policy. All of the courts found that "professional services" did not include sexual assault.

While the insurance coverage issue differs from the issue presented here, we find the reasoning of these cases persuasive in determining whether Dr. Azan's sexual conduct could fall below the standard of care for a dentist.

▮ Whether an act results from a professional service is determined by focusing on the act itself, rather than the place where the act occurred. *Lindheimer*, 643 So.2d at 638. The fact that an act occurred in a professional's office does not automatically transmute the act into a professional service. *Id.* Likewise, when there is a complaint of malpractice, attention should focus on the act or service performed rather than the fact that the alleged wrongdoer was a dentist because "the scope of professional services does not include all forms of a medical professional's conduct simply because he or she is a ... dentist." *Roe v. Federal Ins. Co.*, 587 N.E.2d at 217; *see also Niedzielski*, 589 A.2d at 132. Therefore, the fact that Dr. Azan is a dentist and the sexual conduct took place in his office is not determinative of liability in this case. *Roe v. Federal Ins. Co.*, 587 N.E.2d at 217.

There must be some causal connection between the act that caused the harm and the nature of the dentist-patient relationship. *Lindheimer*, 643 So.2d at 638. That is, it must be a dental act or service that caused the harm, not an act or service that requires no professional skill. *Roe v. Federal Ins. Co.*, 587 N.E.2d at 217. Newland's allegations of assault and battery do not describe professional services. Rather, the allegations present "factual issues capable of resolution ... without application of the standard of care prevalent in the ... medical community." *Roe v. Madison Ctr. Hosp.*, 652 N.E.2d 101, 104 (Ind.Ct.App.1995).[1]

Newland does not allege that the actual dental services, including the root canal and related tooth and gum care, were not properly done or performed or that Dr. Azan lacked the skill and learning of a dentist to perform a root canal. Therefore, Newland has failed to show that Dr. Azan's conduct fell below the standard of care for a dentist.

Most of the cases Appellant cites in support of her claim of professional negligence involve psychiatrists, therapists, and other mental health professionals. In most cases where malpractice actions based on sexual assault of a patient by a mental health professional have succeeded, the court found that the professional failed to properly handle the "transference phenomenon."[2] We find that the cases involving mental health professionals are distinguishable from the present case. First, a mental health professional's mishandling of a patient's transference is directly related to providing mental health services, while a dentist's sexual assault on a patient is completely unrelated to dental services. Moreover, Newland does not argue that she believed, or that Dr. Azan ever maintained, that sexual contacts were a part of her dental treatment. In addition, unlike the therapist-patient relationship, there is nothing inherent in the typical relationship between a patient and a dentist that makes the patient unusually susceptible to accept the sexual advances of the dentist.[3] *Roe v. Federal Ins. Co.*, 587 N.E.2d at 218.

1. The Indiana Court of Appeals noted the absurd results that would flow from allowing an action for intentional conduct to be brought as a malpractice claim. In the present case, we also note the absurd precedent that would be set by allowing Newland to sue Dr. Azan under the theory of malpractice for sexual assault that did not involve dental care. For example, under the rule proposed by Newland, if a dentist shot his patient or tied the patient to a chair in the dentist's office, that would also fall within the realm of malpractice.

2. Transference occurs when a patient transfers to the psychiatrist the emotions he or she feels toward another person. The Missouri Supreme Court addressed this issue in *Zipkin v. Freeman*, 436 S.W.2d 753 (Mo. banc 1968). In *Zipkin*, the court held that a psychiatrist's failure to properly handle the transference phenomenon was covered by his malpractice insurance policy. *Id.* at 762.

3. "Transference involves more than the trust that could be reposed in any professional to whose procedures a patient submits.... Rather, it involves the emotional fragility for which treatment may have been sought, and permits the exploitation of the vulnerability that may be present during the course of treatment. This nexus is what brings the tort within the ambit of professional malpractice." *Steven G. v. Herget*, 178 Wis.2d 674, 505 N.W.2d 422, 427 (App.1993).

The one case Newland cites that does not involve a mental health professional is *Hoopes v. Hammargren,* 102 Nev. 425, 725 P.2d 238 (1986). In *Hoopes,* the court held that a physician could be held liable for professional malpractice for having a sexual relationship with his patient. *Id.,* 725 P.2d at 242. The court did not distinguish between cases involving psychiatrists and those involving other health care providers. *Id.* The court reasoned that because of the fiduciary relationship between a physician and patient and the position of trust occupied by all physicians, exploitation of that position could fall below the standard of care for a professional. *Id.* For the reasons previously stated, we decline to apply the reasoning or the rule of *Hoopes* to the facts of this case.

We next consider the issue of whether the administration of the anesthetic affects Dr. Azan's liability for professional negligence. Newland was administered novocaine or a similar drug to numb her gums for the dental work. However, Newland does not allege that her ability to resist the alleged advances by Dr. Azan was impaired or that she was vulnerable in any way because of the administration of the drug. Newland testified that the painkiller shots made her "very groggy," but she did not suggest that the drug made her more susceptible to Dr. Azan's advances. In addition, Newland does not allege that the drug was administered negligently or for an improper purpose. Therefore, we find that the administration of the drug has no effect on Dr. Azan's liability for professional negligence.

Because we find that Newland failed to show that Dr. Azan's acts fell below the requisite standard of care for a dentist, we find it unnecessary to consider whether she has met the negligence and causation elements of her dental malpractice claim.

The judgment of the trial court is affirmed.

All concur.