**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-1883**

———————————

FEDERAL INSURANCE COMPANY,

                              Plaintiff - Appellee,

     versus

EVIAN   HORIZONTAL   PROPERTY   REGIME;   EVIAN
CONDOMINIUM ASSOCIATION, INCORPORATED,

               Defendants & Third Party Plaintiffs - Appellants,

     versus

DONALD JAY PIER,

                                   Defendant,

     versus

COASTAL   PLAINS   INSURANCE,   INCORPORATED;
COASTAL PLAINS INSURANCE OF THE LOW COUNTRY,
INCORPORATED,

                         Third Party Defendants.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CA-03-1977)

———————————

Argued:  February 3, 2005          Decided:  March 11, 2005

———————————

Before LUTTIG and MOTZ, Circuit Judges, and Samuel G. WILSON,
United States District Judge for the Western District of Virginia,
sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** James Day Donohoe, LAW OFFICES OF EDWARD E. BULLARD, Hilton Head Island, South Carolina, for Appellants.  David M. Leonard, LORD, BISSELL & BROOK, Atlanta, Georgia, for Appellee.  **ON BRIEF:** William Howell Morrison, MOORE & VAN ALLEN, P.L.L.C., Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this diversity action seeking declaratory judgment of an insurance dispute, Evian Horizontal Property Regime and Evian Condominium Association (hereinafter, "Evian") appeal the district court's grant of summary judgment to Federal Insurance Company. We affirm.

I.

Evian is a condominium association and horizontal property regime located in Hilton Head, South Carolina.

In February 2001, Donald Pier, the owner of an apartment in Evian and a member of the condominium associates, filed an action in South Carolina state court against Evian for damages arising from injuries he sustained in a fall on a walkway leading to his apartment. The complaint alleged that Evian had left the irrigation system operating on a freezing night, and that Pier injured himself when he slipped and fell on a patch of ice while walking his dog.

Evian submitted a claim to Northfield Insurance Company, with whom Evian had a general liability insurance policy, requesting defense and indemnification in the Pier litigation. Northfield denied the claim, and brought a declaratory judgment action against Evian in the United States District Court for the District of South Carolina seeking a determination that Northfield was not obligated

3

to provide coverage in the Pier action. In August 2002, the district court entered judgment in favor of Northfield, holding that the policy's exclusion for bodily injury claims against the insured by a member of the association applied to bar coverage. See Northfield Ins. Co. v. Evian HPR, Civil Action No. 9:01-883-23 (D.S.C. Aug. 27, 2002). The court noted that Evian, which was "responsible for procuring insurance for regime property against risks failed, presumably by mistake, to properly do so."

In April or May 2002, while the action between Northfield and Evian was pending, Evian reported the Pier action to Federal, with whom Evian had an insurance policy that covered errors & omissions of its officers and directors. This policy states that Federal shall indemnify Evian for "all Loss which [Evian] shall become legally obligated to pay on account of any claim made against [Evian] during or after the Policy Period for a Wrongful Act" committed by Evian and reported to Federal during the policy period. The policy also provides that Federal has a duty to defend in suits potentially within the ambit of the policy.

The Federal policy has an exclusion for "payment of loss in connection with any claims made against" Evian "based upon, arising from or in consequence of any . . . bodily injury, sickness, disease or death of any person." Relying on this exclusion, Federal denied coverage to Evian and, in June 2003, brought the instant declaratory judgment seeking a determination that Federal

4

was not obligated to defend or indemnify Evian in the <u>Pier</u> action. Evian counterclaimed, asking the court to declare that Federal "has a duty to defend and indemnify Evian Horizontal Property Regime and the Association under the policy against the claims of Donald Jay Pier asserted against them in the Pier lawsuit". On cross-motions for summary judgment, the district court held that Federal had no duty to defend, reasoning that the bodily injury exclusion in the Federal policy barred the requested coverage.

## II.

We review this issue of contract interpretation <u>de novo</u>, applying South Carolina law. We construe insurance policies using the general rules of contract construction, understanding that in South Carolina, clauses of exclusion are narrowly construed. <u>Buddin v. Nationwide Mut. Ins. Co.</u>, 157 S.E.2d 633, 655 (1967).

An insurance company's duty to defend is distinct from, yet interrelated with, its obligation to indemnify the insured. "The agreement to defend contemplates the rendering of services" while indemnification "contemplates merely the payment of money." <u>Sloan Const. Co. v. Central Natl. Ins. Co. of Omaha</u>, 236 S.E.2d 818, 820 (S.C. 1977)(internal quotation marks omitted). Determination of whether an insurer is obligated to defend or to indemnify requires a court to look to the allegations in the underlying complaint filed "against an insured." <u>South Carolina Med. Malpractice Liab.</u>

5

<u>Ins. Joint Underwriting Assoc. v. Ferry</u>, 354 S.E.2d 378, 380 (S.C. 1987). If the allegations of that complaint "fail to bring a claim within policy coverage, an insured has no duty to defend" (and, therefore, no obligation to indemnify). <u>Id.</u> An insurer has no duty to defend "where the damage is caused by a reason unambiguously excluded under the policy." <u>Federated Mut. Ins. Co. v. Piedmont Peteroleum Corp.</u>, 444 S.E.2d 532, 533 (S.C. Ct. App. 1994).

Evian's counterclaim asked the court to declare that Federal had "a duty to defend and indemnify Evian Horizontal Property Regime and the Association against the claims of Donald J. Pier asserted against them in the Pier lawsuit." Because Evian unambiguously asked Federal for a defense "against the claims . . . asserted . . . in the Pier lawsuit", we must look to the complaint filed in the <u>Pier</u> lawsuit to determine the scope of Federal's duty to defend (or indemnify). The <u>Pier</u> complaint alleges <u>only</u> that Evian caused Pier bodily injury by "negligent, willful, wanton, careless, and grossly negligent" acts.

The plain language of the Federal policy makes clear that Federal does not have a duty to defend or indemnify Evian for any of the claims asserted against Evian in the <u>Pier</u> lawsuit. The policy does generally cover loss due to claims made against Evian for wrongful acts that result in a legal obligation to pay. However, the policy specifically excludes losses in connection with

6

claims "based upon, arising from, or in consequence of a bodily injury." All of the claims alleged in the <u>Pier</u> complaint unmistakably arise from bodily injury to Pier, assertedly caused by Evian, and are therefore excluded.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

7