UNITED STATES DREDGING CORPORATION, Appellant, v LEXINGTON INSURANCE COMPANY, Respondent. [952 NYS2d 60]—

The plaintiff sought to recover insurance proceeds from its insurer, the defendant, based on an incident wherein the plaintiff's pier, along with a large crane situated on top of it, collapsed into the Erie Basin near Red Hook, Brooklyn. The defendant disclaimed coverage and the plaintiff commenced this action to recover the proceeds. After a nonjury trial, the Supreme Court determined, inter alia, that the plaintiff failed to present sufficient prima facie proof that the damage to the pier and the crane was caused by wind, which would have been covered by the policy, and that the plaintiff failed to prove that it suffered prejudice as a result of any delay, false promises, or misleading behavior by the defendant in disclaiming coverage.

An "all-risk" policy allows recovery " 'for all losses not resulting from misconduct or fraud unless there is a specific policy

provision excluding coverage of the loss in express terms' " (*Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1, 6 [2002], quoting *M.H. Lipiner & Son, Inc. v Hanover Ins. Co.*, 869 F2d 685, 687 [1989]). However, despite the "all risk" coverage, "[a]n insured seeking to recover for a loss under an insurance policy has the burden of proving that a loss occurred and also that the loss was a covered event within the terms of the policy" (*Vasile v Hartford Acc. & Indem. Co.*, 213 AD2d 541, 541 [1995]; *see Morgan Stanley Group Inc. v New England Ins. Co.*, 225 F3d 270, 276 [2000]). Labeling the policy as "all-risk" does not relieve the insured of its initial burden of demonstrating a covered loss under the terms of the policy (*see Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d at 6).

Here, the plaintiff failed to establish at trial that the loss of the crane and pier were covered under the terms of the policy. While the plaintiff had theorized that a windstorm caused the crane to move and shift, thereby undermining the structural integrity of the pier and, ultimately, resulting in its collapse, the evidence presented by the plaintiff demonstrated that the pier had been structurally compromised by years of wear and tear, and exhibited extreme levels of deterioration prior to the accident. Since wear and tear, deterioration and collapse, with some exceptions not applicable here, were explicitly excluded from coverage under the policy, the plaintiff's evidence did not establish coverage under the policy for the loss.

To the extent the plaintiff contends that the Supreme Court improperly limited the plaintiff's expert's testimony that wind was the cause of the incident, effectively precluding it from establishing coverage under the policy, the plaintiff's contention is without merit. The Supreme Court properly sustained the defendant's objections to the line of questioning in which the plaintiff sought to elicit its expert's conclusion that wind was the cause of the incident due to the plaintiff's failure to establish a proper foundation as to the basis for the expert's opinion (*see Duran v Nassau County*, 267 AD2d 346, 347 [1999]).

Contrary to the plaintiff's contention, the Supreme Court did not err in finding that it failed to prove that it was prejudiced by the timing of the defendant's disclaimer, as the evidence adduced at trial established that the defendant clearly reserved its rights to disclaim coverage and, throughout the defendant's investigation of the loss, the plaintiff was aware that coverage was in question (*see General Acc. Ins. Co. v 35 Jackson Ave. Corp.*, 258 AD2d 616, 618 [1999]; *Smith Jean, Inc. v Royal Globe Ins. Cos.*, 139 AD2d 503, 505 [1988]).

The plaintiff's remaining contentions are without merit. Eng, P.J., Balkin, Hall and Sgroi, JJ., concur.