0002

F. Delano GURLEY, William Neff and Miriam R. Neff, Respondents, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant.
(309 S. E. (2d) 11)

Court of Appeals

*G. Dewey Oxner, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*William N. Epps, Jr.,* and *Steven M. Krause,* both of *Epps & Krause,* Anderson, *for respondents.*

Nov. 7, 1983.

SANDERS, Chief Judge:

This is an action on an insurance policy for the loss of a tractor (and its attachments) which was stolen. Trial of the case resulted in a jury verdict for the respondents. The insurance company appeals, claiming its policy did not cover the stolen property as a matter of law. We affirm.

The tractor in question belonged to the respondent Gurley who loaned it to the respondents Neff from whose premises it was stolen. At the time of the loss, the Neffs had a policy with the insurance company which covered "personal property usual or incidental to the occupancy of the [Neffs'] premises as a dwelling."

Other provisions of the policy excluded from its coverage "motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use." The tractor was not so licensed.

The insurance company contends the Neffs borrowed the tractor for the purpose of cultivating a 4.54-acre tract adjacent to the .75 acre tract on which their dwelling was situated and from which the tractor was stolen. The insurance company argues this is not a use "usual or incidental to the occupancy of the premises as a dwelling" and their policy therefore did not cover the tractor.

The insurance company further contends the tractor is specifically excluded from coverage because it is a "motorized vehicle" not "pertaining to the service of the premises."

In reviewing this case on appeal, we are bound by two elementary principles of law. In the first place, we are bound to construe the terms of this insurance policy liberally in favor of the insured.

It is elementary and requires no citation of authority that the provisions of an insurance policy are to be liber-

ally construed in favor of the insured and strictly construed against the company which prepared the policy. *Whittington v. Ranger Insurance Company*, 261 S. C. 582, 201 S. E. (2d) 620, 622 (1973).

See also *Gaskins v. Blue Cross-Blue Shield of South Carolina*, 271 S. C. 101, 245 S. E. (2d) 598 (1978).

Secondly, we are not at liberty to substitute our view of the evidence for the verdict of the jury. Rather, the jurisdiction of this Court extends only to the correction of errors of law and a jury verdict cannot be disturbed unless a review of the record discloses there is no evidence which reasonably supports it. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Stevens v. Sun Publishing Company*, 270 S. C. 65, 240 S. E. (2d) 812, cert. denied 436 U. S. 945, 98 S. Ct. 2847, 56 L. Ed. (2d) (1978).

Our review of the record discloses there is evidence contrary to the contentions of the insurance company on both points raised. The .75 acre tract on which the dwelling of the Neffs was situated contained a substantial amount of shrubbery and grassy area. The respondent William Neff specifically testified that, in addition to using the tractor on the adjacent 4.54-acre tract, he also used it to make new flower beds and bring in topsoil to the smaller tract on which his dwelling was situated. The respondent Gurley similarly testified that he saw the Neffs using the tractor for the purpose of landscaping this smaller tract. Furthermore, the stolen tractor itself contained attachments suitable for the kind of landscaping work testified to by both Neff and Gurley.

It seems to us that the landscaping of a lot on which a dwelling is situated is "usual" to its occupancy as a dwelling.

The word "usual" is defined by Mr. Webster as "such as occurs in ordinary practice, or in the ordinary course of events; customary; ordinary; frequent." *Roberts Coal Company, Inc. et al. v. Corder Coal Company*, 143 Va. 133, 129 S. E. 341, 344 (1925).

But, even if the usage of a tractor were not "usual," this tractor would be covered by the clear language of the policy if it were only "incidental to the occupancy of the premises as a

dwelling." (The policy uses the conjunction "or" between the words "usual" and "incidental.")

The word "incidental" is defined in Black's Law Dictionary, Third Edition, as follows: "Depending upon or *appertaining* to something else as primary; something necessary, *appertaining* to, or depending upon another which is termed the principal; something incidental to the main purpose." *Archambault v. Sprouse*, 218 S. C. 500, 63 S. E. (2d) 459, 462 (1951). (Emphasis added.)

The word "incident," when used in connection with the use of property, is generally said to mean anything which is usually connected with the principal use, something which is necessary, *appertaining* to, or depending upon, the principal use. *Samsa v. Heck*, 13 Ohio App. (2d) 94, 234 N. E. (2d) 312, 317 (1967). (Emphasis added.)

It is apparent from the facts that the tractor, as it was used by the Neffs here, appertained (and was thus incidental) to their occupancy of the premises as a dwelling.

We also reject the contention of the insurance company that the tractor was excluded from its policy coverage as a "motorized vehicle" not "pertaining to the service of the premises and not licensed for road use." While the tractor was a motorized vehicle, it was not licensed for road use and there was evidence (as previously discussed) that the use to which it was put pertained to the service of the premises.

The insurance company also argues the insured "premises" should be limited only to the smaller tract on which the Neffs' dwelling was situated and should not include the adjacent larger tract. It is unnecessary to the result here that we address this question because there was evidence the tractor was, in fact, incidental to the smaller tract and pertained to its service.

Finally, we address the contention of the respondents, apparently first raised in their brief, that this Court should find and award attorneys' fees and costs of the action pursuant to S. C. Code Ann. § 38-9-320 (1976). This statute provides in part:

(1) In the event of a claim, loss or damage which is covered by a policy of insurance or a contract of a non-profit hospital service plan or a medical service corporation and the refusal of the insurer, plan or corporation to pay such claim within ninety days after a demand has been made by the holder of the policy or contract and a finding on suit of such contract *made by the trial judge of a county court or court of common pleas* that such refusal was without reasonable cause or in bad faith, the insurer, plan or corporation shall be liable to pay such holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer, plan or corporation. *The amount of such reasonable attorneys' fees shall be determined by the trial judge and the amount added to the judgment.* In no event shall the amount of the attorneys' fees exceed one third of the amount of the judgment or the sum of twenty-five hundred dollars, whichever is less. (Emphasis added.)

The determination of an insurer's liability for attorneys' fees pursuant to this statute is a matter for decision by the trial judge. *Coker v. Pilot Life Insurance Company,* 265 S. C. 260, 217 S. E. (2d) 784 (1975). It does not appear from the record in this case that the question of attorneys' fees was raised or decided in the trial court. Where the record does not reflect a point has been raised or decided in the lower court, that point cannot be considered on appeal. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980). Trial briefs do not constitute a part of the record on appeal. *Hays v. Adair,* 267 S. C. 291, 227 S. E. (2d) 665 (1976).

We must, therefore, reject the argument by the respondents that this Court find and award them attorneys' fees.

Judgment for the respondents is accordingly,

Affirmed.

SANDERS, C. J., and GARDNER and BELL, JJ., concur.