2100

SPHERE DRAKE INSURANCE CO., Appellant v. Rouse LITCHFIELD, Jr.; Charlies, Inc. of Summerville, d/b/a Razzles; and John D. Sandifer, Respondents.

(438 S.E. (2d) 275)

Court of Appeals

*Samuel R. Clawson* and *Timothy A. Domin,* of *Clawson & Staubes,* Charleston, *for respondents.*

*Lawrence E. Richter, Jr.,* Charleston, *for respondents.*

Heard Oct. 5, 1993.

Decided Dec. 6, 1993.

BELL, Judge:

Sphere Drake Insurance Company brought this declaratory judgment action to determine its obligation to provide a legal defense in an action brought by Rouse Litchfield, Jr. against John D. Sandifer and Charlies, Inc. of Summerville, d/b/a Razzles. The circuit court found that Sphere Drake had a duty to defend the action. Sphere Drake appeals. We reverse.

Litchfield sued Sandifer and Charlies, Inc., for injuries he allegedly sustained when he was assaulted by a customer and three or four employees of Razzles, a nightclub operated by the defendants. Litchfield and his wife were sitting in the establishment when a customer asked Litchfield's wife to dance. She refused. Litchfield also told the customer that his wife did not want to dance with him. The customer then struck Litchfield on the side of the head, knocking him to the floor. Subsequently, three or four men, apparently "bouncers" for Razzles, approached the disturbance, picked Litchfield up, and bodily threw him out of the nightclub. These bouncers continued to kick and beat Litchfield after they removed him from the club. Litchfield allegedly suffered severe injuries as a result of the attack by the bouncers.

Sandifer and Charlies, Inc. made a claim against and demanded a defense from Sphere Drake, which had issued them a commercial liability insurance policy. Sphere Drake refused to defend the action on the ground that the policy expressly excluded coverage for the claims made by Litchfield. The policy provides:

> ASSAULT AND BATTERY EXCLUSION
> Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of Assault and Battery, whether caused by or at the direction of the insured, his employees, patrons of [sic] any cause whatsoever.

The circuit court held that the exclusionary clause was unenforceable because it was ambiguous, oppressive, and no reasonable insured would agree to it.

Parties to a contract of insurance have the right to make their own contract. It is not the function of the courts to rewrite or torture the meaning of the policy to extend coverage. *Gambrell v. Travelers Insurance Cos.*, 280 S.C. 69, 310 S.E. (2d) 814 (1983). The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties and, in determining that intention, the court looks to the language of the contract. If the language is clear and unambiguous, the language alone determines the contract's force and effect. *United Dominion Realty Trust, Inc. v. Wal-Mart Stores, Inc.*, 307 S.C. 102, 413 S.E. (2d) 866 (Ct. App. 1992). When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary, and popular sense. *C.A.N. Enterprises, Inc. v. South Carolina Health and Human Services Finance Comm'n*, 296 S.C. 373, 373 S.E. (2d) 584 (1988). The court is limited to the interpretation of the contract made by the parties, regardless of its wisdom or folly, apparent unreasonableness, or failure of the parties to guard their rights carefully. The court is without authority to alter a contract by construction or to make a new contract for the parties. *Id.*

We find the exclusionary clause unambiguously applies to the claim at issue here. In readily understandable language, it excludes claims arising out of assault and

battery, no matter what the cause. This meaning is not obscured by the phrase "of any cause whatsoever" at the end of the sentence. The "of" is most likely a typographical error that should read "or." In any case, the intention to exclude coverage of claims arising from assault and battery is unmistakable. While a policy should be liberally construed in favor of coverage and against exclusion, courts are not permitted to torture the ordinary meaning of language to extend coverage expressly excluded by the terms of the policy. *See Torrington Co. v. Aetna Casualty & Surety Co.*, 264 S.C. 636, 216 S.E. (2d) 547 (1975).

■ The circuit court also held Litchfield's complaint alleged the independent negligence of Sandifer and Charlies, Inc., and that the policy did not exclude claims for negligence.[1]

In *McPherson v. Michigan Mutual Insurance Co.*, — S.C. —, 426 S.E. (2d) 770 (1993), the Court held that injuries allegedly caused by an employer's negligent training and supervision of its employees came within an automobile exclusion, because the plaintiff would not have been injured except for the operation of the automobile. The Court reasoned that without the operation of the automobile there would be no causal connection between the employer's alleged negligence and the resulting injury.

Similarly, the separate acts of negligence alleged by Litchfield are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of Sandifer and Charlies, Inc. The negligence claims are for bodily injury "arising out of" assault and battery and come within the exclusion.

■ Finally, in the commercial setting of this insurance contract, we see no basis to apply the concepts of reasonable expectation or unconscionability to defeat the plain language of the policy. If Sandifer and Charlies, Inc. wished to insure against the excluded risk they could have contracted for additional coverage and paid an additional insurance premium.

---

[1] The complaint alleged, *inter alia*, negligence in failing to protect customers, failing to provide adequate security devices, failing to properly train and supervise employees, and negligence in hiring.

For the reasons stated, we hold Sphere Drake has no duty to defend the Litchfield action under the terms of the policy. The judgment of the circuit court is

Reversed.

SHAW and CONNOR, JJ., concur.