Jack L. MARVIN, D.C., d/b/a Midtown
Chiropractic Clinic, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Respondent.

No. WD 49220.

Missouri Court of Appeals,
Western District.

March 21, 1995.

John R.T. Mitchell, Kansas City, for appellant.

John Ross, Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SPINDEN, Presiding Judge.

When Gwendolyn Bass' children were injured in an accident, Bass assigned her rights to receive medical benefits from State Farm Mutual Automobile Insurance Company to Midtown Chiropractic Clinic in consideration for her childrens' treatment by Jack L. Marvin, a chiropractic practitioner. State Farm, however, paid the benefits to Bass, and Bass did not pay Midtown Clinic. Midtown Clinic sued State Farm for the benefits, and the trial court ruled in State Farm's favor.

Midtown Clinic appeals. It asserts that the trial court erred in applying Kansas law to its case and in concluding that State Farm had the option to pay benefits to Bass or to Midtown Clinic because of the insurance policy's language. We reverse the judgment of the trial court.

State Farm issued a Kansas policy of insurance to Bass, a Kansas resident. On August 24, 1992, Bass' children were injured in an accident in Kansas while they were riding a school bus. After the accident, Bass took her children to Midtown Clinic in Kansas City, Missouri, for Marvin's treatment.

While at Midtown Clinic, Bass signed a document entitled "Assignment, Authorization and Lien Statement." The document said that Bass "authorize[d] and direct[ed]" State Farm "to pay directly" to the clinic "all such sums as may be due and owing ... for services rendered to [Bass] by reason of accident ... and to withhold such sums from ... insurance benefits obligated to reimburse [Bass.]"

Midtown Clinic treated Bass' children and sent the bill to State Farm along with the assignment signed by Bass. On October 27, 1992, although it knew about the assignment, State Farm sent its checks to Bass instead of Midtown Clinic. The checks were made payable to Bass in the amounts of $1285 and $1735. Neither included Midtown Clinic as a payee. Bass cashed the checks but did not pay Midtown Clinic.

Midtown Clinic sued State Farm in the associate circuit division of the Jackson County Circuit Court on May 26, 1993. The associate circuit court entered a judgment in State Farm's favor. Midtown Clinic filed an application for trial de novo with the Jackson County Circuit Court. After a trial, the

Jackson County Circuit Court also ruled in State Farm's favor. The trial court applied Kansas law to the case and found that Bass' assignment to Midtown Clinic was valid. The court concluded, however, that because State Farm's policy provided that State Farm could pay any amount due under its policy to the insured, or at its option, to a person authorized by law to receive such payment, State Farm was not liable to Midtown Clinic for the claim asserted.

 In its appeal, Midtown Clinic asserts that the trial court erred in applying Kansas law to its case and in concluding that State Farm had the option to pay either Bass or Midtown Clinic. It contends that Missouri law should apply because: (1) it obtained the assignment from Bass in Missouri, (2) the consideration for the assignment (the clinic's treatment of Bass' children) occurred in Missouri, and (3) it sued in Missouri.

We need not decide whether Missouri or Kansas law applies because the law in both is essentially the same. An assignment passes all the assignor's title or interest in the subject matter to the assignee and divests the assignor of all right of control over the subject matter. *Patrons State Bank and Trust Company v. Shapiro*, 215 Kan. 856, 528 P.2d 1198, 1203 (1974); *Kroeker v. State Farm Mutual Automobile Insurance Company*, 466 S.W.2d 105, 110 (Mo.App.1971).

When Bass assigned to Midtown Clinic her rights to State Farm's insurance payments, Midtown Clinic gained all of Bass' rights as beneficiary of the insurance policy's proceeds. *See* 64 C.J.S. *Assignment* § 88 (1975). Bass no longer had title or an interest to the insurance proceeds; Midtown Clinic became the insured for the purposes of receiving the medical benefits.

State Farm had an obligation to pay the insured or a person authorized by law to receive such payment. Midtown Clinic qualified under either option. Because of the assignment, it became an entity authorized by law to receive payment. Also, because of the assignment, it gained the rights of the insured. State Farm was required by its policy and by the assignment to pay Midtown Clinic. Hence, we reverse the judgment of

the trial court and direct that judgment be entered in favor of Jack L. Marvin, doing business as Midtown Chiropractic Clinic, in the amount of $3020, the sum of the two checks paid to Bass.

All concur.