491 S.E.2d 272

**Dr. William GRAY, Appellant,**

**v.**

**STATE FARM AUTO INSURANCE COMPANY, Respondent.**

**William GRAY, D.C., and Robin Ivey, D.C., Appellants,**

**v.**

**NATIONWIDE MUTUAL INSURANCE CO., Penny Miller, and Perry Carson, of which Nationwide Mutual Insurance Co. is, Respondent.**

**No. 2705.**

Court of Appeals of South Carolina.

Heard May 7, 1997.
Decided July 28, 1997.

D. Michael Kelly and John S. Nichols, both of Suggs & Kelly, Columbia, for appellants.

John U. Bell, III, and C. Mitchell Brown, both of Nelson Mullins Riley & Scarborough, Columbia, for State Farm Auto Insurance Company.

Robert C. Brown and Donna Seegars Givens, both of Brown & Woods, for Nationwide Mutual Insurance Co., Columbia, for respondents.

HEARN, Judge.

In these consolidated appeals, chiropractors William Gray and Robin Ivey appeal from the trial judge's grant of summary judgment in favor of State Farm Auto Insurance Company and his dismissal of their causes of action against Nationwide Mutual Insurance Company pursuant to Rule 12(b)(6), SCRP. We affirm.

## FACTS

The facts are undisputed.[1] Appellants obtained written agreements from several of their patients purporting to assign insurance benefits to them as payment for services rendered. Appellants' patients had previously been involved in automobile accidents with third parties insured by State Farm and Nationwide.

Captioned "Assignment, Lien and Authorization," the agreements provided in part:

> I hereby authorize and direct you, *my insurance company* and/or my attorney to pay directly to [the office of my chiropractor] such sums as may be due and owing this office for services rendered me ... and to withhold such sums from ... health and accident benefits, or any other insurance benefits obligated to reimburse me or from any settlement, judgment or verdict on my behalf as may be necessary to adequately protect said Office....

(Emphasis added).

Once Appellants obtained these documents, they forwarded them to State Farm and Nationwide. When State Farm and Nationwide settled the claims of Appellants' patients against their insureds, they forwarded settlement proceeds directly to the patients. Appellants initiated these lawsuits against State Farm and Nationwide alleging causes of action for breach of contract and promissory estoppel when they could not collect payment from their patients.

---

1. The parties entered into a Stipulation of Facts to remove all factual issues from the case. Unlike State Farm, however, Nationwide does not admit to receiving a lien letter from Appellants' patient, Penny Miller, and states that it never received Perry Carson's purported assignment. This inconsistency, however, is irrelevant in light of our analysis.

In response to Appellants' claims, State Farm filed a motion for summary judgment and Nationwide filed a motion to dismiss. By order dated October 5, 1995, the trial judge granted summary judgment in favor of State Farm. On December 18, 1995, he dismissed Appellants' causes of action against Nationwide pursuant to Rule 12(b)(6), SCRCP. Appellants appeal from both rulings.

## DISCUSSION

The central issue in both appeals is whether the documents received by Appellants from their patients created a duty on the part of third-party insurance carriers to pay third-party benefits directly to them. We hold they did not.

### A. State Farm's Motion for Summary Judgment

Summary judgment is appropriate where evidence is susceptible of only one reasonable interpretation and the moving party is entitled to judgment as a matter of law. In deciding whether to grant summary judgment, all evidence and inferences drawn therefrom must be viewed in favor of the party opposing the motion. *Cafe Associates, Ltd. v. Gerngross*, 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991).

In their breach of contract claim,[2] Appellants allege that the assignment received from their patients represented a contract between State Farm and their clinics, which State Farm breached by paying settlement proceeds directly to their patients. Appellants argue the trial judge erred in concluding as a matter of law that they lacked standing to sue State Farm. We disagree.

It is not the function of the courts to rewrite or torture the meaning of a contract. *See Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct.App. 1993). Courts are limited to the interpretation of the contract made by the parties, regardless of its "wisdom or folly, apparent unreasonableness, or failure of the parties to guard their rights carefully." *Id.* In interpreting contracts, the foremost rule is to give effect to the intent of the parties, and

---

2. Appellants have abandoned their cause of action for promissory estoppel on appeal, as well as their allegations of error concerning the trial judge's refusal to impose an equitable lien.

in doing so, the court looks to the language of the contract. If the language is unambiguous, the language alone determines the contract's force and effect and courts must construe it according to its plain, ordinary, and popular meaning. *Id.; C.A.N. Enterprises, Inc. v. South Carolina Health & Human Serv. Fin. Comm'n,* 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988).

■ We do not find that Appellants' patients made a valid assignment of their claims. The language of the purported assignment applies only to the carriers of the patients, not to the carriers of third parties. Appellants therefore lacked contractual privity with State Farm.[3]

■ Moreover, the agreement also provides that Appellants' patients remain ultimately responsible for payment to Appellants:

> I understand that I remain personally responsible for the total amounts due.... I further understand and agree that this Assignment, Lien, and Authorization does not constitute any consideration for the Office to await payments and they may demand payments from me immediately upon rendering services at their option.

Therefore, the trial judge properly granted State Farm's motion for summary judgment. In light of this decision, we need not reach Appellants' other arguments with respect to State Farm.

### B. Nationwide's Motion to Dismiss [4]

Rule 12(b)(6), SCRCP, allows the court to dismiss a party's claims for failure to state facts sufficient to constitute a cause

---

**3.** Appellants cite *Marvin v. State Farm Mut. Auto. Ins. Co.,* 894 S.W.2d 712, 713 (Mo.Ct.App.1995) and *Santiago v. Safeway Ins. Co.,* 196 Ga.App. 480, 396 S.E.2d 506, 508, *cert. denied,* (Oct. 18, 1990), to support their argument that the assignments received from their patients imposed contractual obligations on third-party insurance carriers. These cases, however, are inapplicable in that they involved the enforceability of assignments of first-party benefits.

**4.** The trial judge's order appears to have considered materials outside of the complaint, in effect converting Nationwide's Rule 12(b)(6) motion into one for summary judgment. Appellants do not contest, however, whether conversion was proper.

of action. The content and detail of the pleadings are viewed in light of the general pleading rules and in the light most favorable to the non-moving party. *Woodell, Allen v. Marion School Dist. One,* 307 S.C. 297, 298, 414 S.E.2d 794, 794 (Ct.App.1992). The motion must be granted if the facts and the inferences reasonably deducible from them show that the plaintiff could not prevail on any theory of the case. *See Morrow Crane Co., Inc. v. T.R. Tucker Constr. Co., Inc.,* 296 S.C. 427, 429, 373 S.E.2d 701, 702 (Ct.App.1988).

■ Viewing the complaint in the light most favorable to Appellants, they have failed to state facts sufficient to establish a breach of contract by Nationwide. The pleadings give rise only to a contract between Appellants and their patients, which their patients breached by failing to pay them. No contract between Appellants and Nationwide could have been created because the terms of the purported assignment did not apply to third-party insurance carriers. Even under the most liberal construction of the complaint, Appellants could not prevail on any theory of their case. The trial judge's dismissal of Appellants' complaint was therefore proper.

Accordingly, the orders of the trial judge are

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.