504 S.E.2d 127

Bruce H. DORMAN and Angela M.
(Renee) Dorman, Appellants,

v.

ALLSTATE INSURANCE COMPANY, South Carolina Electric
& Gas Co., and Alamo Rent–A–Car, Inc., Defendants,

Of Whom, Allstate Insurance Company and Alamo
Rent–A–Car Inc., are, Respondents.

No. 2859.

Court of Appeals of South Carolina.

Heard June 4, 1998.
Decided June 23, 1998.

Michael R. Daniel, of Sottile & Hopkins, Mt. Pleasant, for appellants.

Jessica C. Moe, of Turner, Padget, Graham & Laney; and Richard Ashby Farrier, Jr., of Nelson, Mullins, Riley & Scarborough, Charleston, for respondents.

GOOLSBY, Judge:

Bruce and Angela Dorman brought a declaratory judgment action to determine whether Allstate is required to cover a rental vehicle Mrs. Dorman wrecked. The trial court granted Allstate summary judgment and denied the Dormans' request for attorneys' fees. The Dormans appeal. We affirm in part, reverse in part, and remand.

On May 27, 1996, Mr. Dorman rented a car from Alamo Rent–A–Car, Inc. as a temporary substitute vehicle for a family car being repaired. The rental contract listed Mr.

Dorman as the only authorized driver. Two days later, while driving the rental car, Mrs. Dorman ran into an SCE & G telephone pole, damaging both the car and the pole.

The Dormans sought liability coverage under their Allstate policy for the damage to SCE & G property and collision coverage for the Alamo rental car. Allstate initially denied both claims. Before the summary judgment hearing, however, Allstate settled SCE & G's property claim.

The Dormans' initial arguments concern the interpretation of the collision damage provision in the Allstate policy. Under the "insured autos" definitions contained in Part V of the policy (Protection Against Loss to the Auto), the relevant language defining covered substitute vehicles states:

(3) A substitute four wheel private passenger auto or utility auto, not owned by you or a resident, temporarily used with the permission of the owner while your insured auto is being serviced or repaired, or if your insured auto is stolen or destroyed.

## I.

The Dormans first argue the trial judge erred in finding the Alamo rental car not covered under this provision because Mrs. Dorman was not listed as an authorized driver on the rental contract. We disagree.

The foremost rule in interpreting an insurance contract is to give effect to the intent of the parties as shown by the language of the contract itself. When the contract language is clear and unambiguous, the language alone determines the contract's force, and terms must be construed to give effect to their "plain, ordinary, and popular meaning." *Gray v. State Farm Auto Ins. Co.*, 327 S.C. 646, 650, 491 S.E.2d 272, 274 (Ct.App.1997); *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct.App.1993).

Here, the plain language of the policy provision stipulates that a temporary substitute vehicle is covered only if used with the permission of the vehicle's owner. In this instance the vehicle's owner is Alamo. The Dormans do not dispute that Mrs. Dorman was not included as an authorized driver in

the rental agreement. She did not, therefore, have Alamo's permission to drive the vehicle.

■ The Dormans, relying on *General Accident Ins. Co. v. Safeco Ins. Cos.*, 314 S.C. 63, 443 S.E.2d 813 (Ct.App.1994), argue that the proper focus of the permissive-use inquiry is on the named insured. They claim that Mr. Dorman, as a named insured with permission from Alamo, in turn granted Mrs. Dorman permission to drive the rental car.

In *Safeco,* the court mandated liability coverage where an employee of the named insured allowed a third person to drive a car the employee had rented with the named insured's permission, despite a provision in the rental contract prohibiting such third-party drivers.

Although *Safeco* also involved the issue of consent to drive a rental car, its permissive-use analysis turned on an interpretation of statutory language mandating liability coverage. The applicable statute defines "insured" as "any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies." S.C.Code Ann. § 38–77–30 (1989 & Supp.1997). Accordingly, the *Safeco* court's permissive-use inquiry focussed on the legislative definition of the policy's named insured. Because the court, using an agency theory analysis, held the policyholder's consent was impliedly granted to the non-permitted third-party driver, it found compliance with the statute and ordered coverage.

The Dormans' reliance on *Safeco* is misplaced. The language of the Allstate collision policy provision is not mandated by statute. Instead, the Dormans freely contracted with Allstate for collision insurance and were therefore on notice as to the contents of that agreement. This court is limited to interpreting the contract made by the parties themselves, regardless of their failure to safeguard their respective rights under the policy. *Gray,* 327 S.C. at 649, 491 S.E.2d at 274; *Litchfield,* 313 S.C. at 473, 438 S.E.2d at 277.

## II.

■ The Dormans next argue that the policy language is ambiguous as to whether permission to the named insured encompasses permission to a resident spouse. We disagree.

The Dormans claim that the policy definitions of "you" and "your," which undeniably include a resident spouse, are applicable to permissive use. As discussed above, however, the plain language of the policy limits collision coverage to a substitute vehicle being used with the permission of the owner. Even if one were to substitute "resident spouse," *i.e.*, Mrs. Dorman, in every instance where "you" or "your" occurs in the collision policy provision at hand, it would not change the outcome of this analysis. Simply put, permission of the vehicle's owner is required for each person driving the car. Mr. Dorman was not the vehicle's owner. Alamo was.

That Mrs. Dorman did not have Alamo's permission to drive the rental car is evidenced by the rental agreement itself.[1] Indeed, Mr. Dorman declined to pay the additional driver charge required to add his wife as an authorized driver of the rental vehicle,[2] notwithstanding the fact that Mrs. Dorman had rented the same vehicle herself the week before. Mr. Dorman, who had an opportunity to obtain "the permission of the owner" for his wife to use the substitute vehicle, but declined to do so, must now bear the consequences of his action.

Because the Allstate policy language clearly required Alamo's permission to the driver in order to invoke collision coverage and there was no question that Mrs. Dorman did not have Alamo's permission to drive the rental car, we find summary judgment entirely appropriate. *See* Rule 56(c), SCRCP; *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 443 S.E.2d 392 (1994) (explaining summary judgment standard).

## III.

Finally, the Dormans argue that the trial judge erred in granting Allstate summary judgment on their request for

---

**1.** At the top of the rental agreement and printed in capital letters directly beneath Mr. Dorman's name is the phrase "NO ADDITIONAL RENTERS ARE AUTHORIZED TO DRIVE THE VEHICLE."

**2.** Under the section in the rental agreement labeled "Terms for Renting an Alamo Car," the following appears:

I am the authorized driver if I have a valid driver's license and meet all of your rental requirements. An additional driver is authorized only if I pay an additional driver charge and that person has a valid driver's license and is named on the front. ALL OTHER DRIVERS ARE UNAUTHORIZED.

attorneys' fees and costs associated with compelling coverage regarding SCE & G's liability claim. We agree.

Determination of an insurer's liability for attorneys' fees pursuant to S.C.Code Ann. section 38–59–40 (Supp.1997) is a matter for decision by the trial judge. *Coker v. Pilot Life Ins. Co.*, 265 S.C. 260, 217 S.E.2d 784 (1975); *Gurley v. United Services Auto. Assoc.*, 279 S.C. 449, 309 S.E.2d 11 (Ct.App. 1983). In making this determination, the trial judge must ascertain whether or not an insurer's refusal to pay a claim was without reasonable cause or in bad faith. *Id.*[3]

We think the record contains evidence sufficient to make an issue of fact the question of whether Allstate's initial refusal to pay the SCE & G liability claim was without reasonable cause or in bad faith. First, the policy's liability coverage provision prescribes a different definition of an insured auto in the context of a substitute vehicle, in that there is no permissive use requirement[4] as there is under the policy's collision coverage provision. Second, the record reflects Allstate satisfied SCE & G's claim against the Dormans only after this action was initiated. At the very least, these facts, when viewed in the light most favorable to the Dormans, warrant further development to clarify the application of § 38–59–40. *See Hook v. Rothstein,* 275 S.C. 187, 268 S.E.2d 288 (1980) (holding summary judgment inappropriate when no genuine issue of fact is involved and inquiry into the facts is required to clarify the application of the law).

Accordingly, we reverse the trial judge's denial of attorneys' fees and costs and remand the issue for appropriate findings regarding Allstate's refusal to pay the liability claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HOWELL, C.J., and CURETON, J., concur.

---

**3.** Nowhere in his order does the trial judge, as § 38–59–40 requires him to do, make a finding as to whether Allstate's refusal to pay the claim was "without reasonable cause or in bad faith"; his order simply states that "[p]laintiffs are denied attorneys' fees and costs."

**4.** For liability coverage purposes, a substitute auto is one "not owned by you or a resident, being temporarily used while your insured auto is being serviced or repaired, or if your insured auto is stolen or destroyed."