THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cleveland Ridge Homeowners Association, Inc., Appellant,
 
 
 

v.

 
 
 
 State Farm Fire and Casualty Company and State Farm General Insurance Company, Respondents.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-295
Submitted June 1, 2006  Filed June 26, 2006

AFFIRMED

 
 
 
 Joel F. Geer, of Greenville, for Appellant.
 Charles R. Norris, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Cleveland Ridge Homeowners Association (Cleveland Ridge) appeals the trial courts order granting State Farm Fire and Casualty Company and State Farm General Insurance Companys (collectively State Farm) motion for summary judgment.  We affirm.   
FACTS
Cleveland Ridge is the homeowners association of a Greenville condominium complex and the named insured of a property and liability insurance policy with State Farm (Policy).  The Policy excludes loss caused by (1) the pressure or weight of . . . water; (2) earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not; or (3) a latent defect or any quality in the property that causes it to damage or destroy itself.      
On August 4, 2003, a concrete retaining wall behind the condominium complex failed after a heavy rain.  The next day, Cleveland Ridge reported the incident to State Farm, who sent an agent to examine the damage.  The agent informed Cleveland Ridge the Policy did not cover the retaining wall damage and, on August 21, 2003, denied the claim.   
Three months later, Cleveland Ridge, through legal counsel, advised State Farm of its opinion that the Policy covered the retaining wall damage.   State Farm hired a structural engineer, Jack McCaskill, to inspect the retaining wall.  McCaskill determined the retaining wall most likely collapsed due to excessive water pressure, which created a hydrostatic force too large to be contained by the non-reinforced hollow masonry unit wall.  After the inspection, State Farm again denied Cleveland Ridges claim. 
In May 2004, Cleveland Ridge sued State Farm for breach of contract,  declaratory relief, violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. §§ 39-5-10 to 560 (1976 & Supp. 2005), and bad faith for refusing to pay the claim.  State Farm answered and ultimately filed a motion for summary judgment, asserting the Policy excluded Cleveland Ridges claim, SCUTPA exempted unfair trade practices involving the insurance business, and State Farm did not act in bad faith because it had a reasonable basis to deny Cleveland Ridges claim.  In January 2005, the trial court granted State Farms motion.  
In February 2005, Cleveland Ridge filed a Rule 59(e), SCRCP, motion, which the trial court denied.  The trial court found Cleveland Ridge did not comply with Rule 59(e), SCRCP, because Cleveland Ridge did not file its Rule 59(e) motion within ten days of its receipt of the trial courts order.  The trial court also concluded Cleveland Ridge did not comply with Rule 59(g), SCRCP, because Cleveland Ridge did not provide the trial court with a copy of its Rule 59(e) motion within ten days after Cleveland Ridge filed it.  The trial court, however, denied Cleveland Ridges Rule 59(e) motion on the merits.  Cleveland Ridge appeals. 
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP.  Pittman v. Grand Strand Entmt, Inc., 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in a light most favorable to the non-moving party.  Id.  Once a defendant moving for summary judgment shows an absence of evidence to support the plaintiffs case, under Rule 59(e), SCRCP, the plaintiff must come forward with affidavits or other supporting documents setting forth specific facts that demonstrate the existence of a genuine issue for trial.  Montgomery v. CSX Transp., Inc., 362 S.C. 529, 542, 608 S.E.2d 440, 447 (Ct. App. 2004) (citing Doe v. Batson, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001)).  The construction and enforcement of an unambiguous contract is a question of law for the court, and thus can be properly disposed of at summary judgment.  Hansen ex rel. Hansen v. United Servs. Auto. Assn, 350 S.C. 62, 67, 565 S.E.2d 114, 116 (Ct. App. 2002) (citing Middleborough Horizontal Prop. Regime Council of Co-Owners v. Montedison S.p.A., 320 S.C. 470, 477, 465 S.E.2d 765, 770 (Ct. App. 1995)).  
LAW/ANALYSIS
 Cleveland Ridge raises six issues on appeal; four relate to the trial courts grant of State Farms summary judgment motion and two relate to the trial courts denial of Cleveland Ridges Rule 59(e), SCRCP, motion. 
I.  State Farms Motion for Summary Judgment 
Cleveland Ridge argues the trial court erred in granting State Farms motion for summary judgment.  We disagree.  
A.  Ambiguity of the Policy 
Cleveland Ridge first asserts the Policy is ambiguous.  

 The foremost rule in interpreting an insurance contract is to give effect to the intent of the parties as shown by the language of the contract itself.  When the contract language is clear and unambiguous, the language alone determines the contracts force, and terms must be construed to give effect to their plain, ordinary, and popular meaning.

Dorman v. Allstate Inc. Co., 332 S.C. 176, 178, 504 S.E.2d 127, 129 (Ct. App. 1998) (citing Gray v. State Farm Auto. Ins. Co., 327 S.C. 646, 650, 491 S.E.2d 272, 274 (Ct. App. 1997)).  The meaning of an insurance contract should not be tortured to allow for coverage that was not intended by the parties.  Torrington Co. v. Aetna Cas. & Sur. Co., 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975).  Thus, an unambiguous policy must be construed according to the terms the parties have used.  Century Indem. Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 565, 561 S.E.2d 355, 358 (2002).  We find the Policy clearly and unambiguously excludes loss caused by (1) the pressure or weight of . . . water; (2) earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not; or (3) a latent defect or any quality in the property that causes it to damage or destroy itself.  Accordingly, if any one of these three events caused the retaining wall loss, the Policy excludes it.  
B.  Genuine Issues of Material Fact
Cleveland Ridge next asserts a genuine issue of material fact exists as to whether water pressure, earth movement, or a latent defect caused the retaining wall loss.  State Farm offered an affidavit from McCaskill, a structural engineer, who inspected the retaining wall in November 2003.  Based on this inspection, McCaskill attested that (1) [t]he retaining wall most likely collapsed due to excessive water pressure; (2) [t]he water pressure and the movement of earth against the retaining wall caused it to fail; and (3) the retaining wall was defectively constructed and had a latent defect in that it contained no steel reinforcement and did not contain an adequate drainage system to allow ground water to be adequately drained away from behind the wall.  In response, Cleveland Ridge offered an affidavit from Richard Kapp, also an engineer.  Kapp attested that there are numerous possible causes for the retaining wall failure[,] [a]ny one of which could have been responsible alone for the failure or could have contributed jointly to the retaining wall failure.    
We find the trial court did not err in granting State Farms motion for summary judgment because Kapps affidavit fails to set forth any specific facts showing a genuine issue for trial.  Rule 59(e), SCRCP; Russell v. Wachovia Bank, 353 S.C. 208, 220, 578 S.E.2d 329, 335 (2003) (citing Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991)) (When opposing a summary judgment motion, the nonmoving party must do more than simply show that there is a metaphysical doubt as to the material facts but must come forward with specific facts showing that there is a genuine issue for trial.).  Although Kapp claims there are numerous possible causes for the retaining wall loss, he does not put forth what any of these possible causes might be.  He does suggest that these possible causes are something other than water pressure, earth movement, or a latent defect.  He is not even sure whether these possible causes most probably led to the retaining wall loss.  Consequently, as a matter of law, Kapps affidavit fails to show a genuine issue of material fact exists that water pressure, earth movement, or a latent defect did not cause the retaining wall loss.  
C. SCUTPA Claim 
Cleveland Ridge further asserts the trial court erred in granting State Farms motion for summary judgment on Cleveland Ridges SCUTPA action.  Unfair trade practices involving the insurance business are regulated by the Insurance Trade Practices Act, S.C. Code Ann. §§ 38-57-10 to -320 (2002).  Section 39-5-40(c) of the South Carolina Code expressly exempts from the scope of SCUTPA unfair trade practices covered and regulated by the Insurance Trade Practices Act.  S.C. Code Ann. § 39-5-40 (c) (Supp. 2005).  Thus, Cleveland Ridges claim is not covered by SCUTPA.
Cleveland Ridge, however, rationalizes SCUTPA does not exempt its cause of action because section 39-5-40(c) refers to Chapter 55, which concerns the conduct of insurance business, rather than Chapter 57, which is the Insurance Trade Practices Act.  Section 39-5-40(c) does, in fact, refer to Chapter 55 rather than Chapter 57, but such obstinate literality belies the legislative intent.  As the District Court of South Carolina observed, the Insurance Trade Practices Act, which was codified as Chapter 55, was recodified as Chapter 57 in 1987, and section 39-5-40(c) was not revised to reflect that change.  See Trs. of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 131 (D.S.C. 1994).  Clearly, the legislature intended SCUTPA to exempt cases of unfair trade practices regarding the insurance business because the Insurance Trade Practice Act specifically covers such cases.  See id. at 130-31 (SCUTPA, through § 39-5-40(c), provides a clear exemption for the practices covered by Chapter 57[;] [t]herefore, all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act . . . and are exempt from the coverage of SCUTPA.).  Therefore, the trial court properly granted State Farms motion for summary judgment on this cause of action.
D. Bad Faith Claim
Cleveland Ridge finally asserts the trial court erred in granting State Farms motion for summary judgment on its bad faith cause of action.  Under South Carolina law, an insurer acts in bad faith when there is no reasonable basis to support the insurers decision.  Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 6, 466 S.E.2d 727, 730 (1996); Crossley v. State Farm Mut. Auto. Ins. Co., 307 S.C. 354, 360, 415 S.E.2d 393, 397 (1992).  Here, there is no evidence in the record to suggest State Farm unreasonably denied coverage for the retaining wall loss.  Thus, the trial court correctly granted State Farms motion for summary judgment on this cause of action. 
II. Cleveland Ridges Rule 59(e) Motion
Finally, Cleveland Ridge argues the trial court erred in denying its Rule 59(e), SCRCP, motion for failing to comply with the procedural requirements of Rule 59(e) and (g).  We disagree.  Although the trial court found Cleveland Ridge failed to comply with the procedures set forth by Rules 59(e) and (g), the trial court nevertheless addressed and rejected its Rule 59(e) motion on the merits.  Accordingly, we discern no prejudice to Cleveland Ridge.    
CONCLUSION
The trial court correctly granted State Farms motion for summary judgment.  Further, Cleveland Ridge was not prejudiced by the trial courts denial of its Rule 59(e), SCRCP, motion.  Therefore, the trial courts order is
AFFIRMED.[1]
SHORT, WILLIAMS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.