**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

King's Grant Homeowners Association, Inc.,
Respondent,

v.

Elwood Dixon and Jennifer Dixon, Appellants.

Appellate Case No. 2012-211934

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2014-UP-083
Submitted November 1, 2013 – Filed February 26, 2014

**AFFIRMED**

Elwood Dixon and Jennifer Dixon, of Summerville, pro se.

Joseph Edwin DaPore, Stephen Lynwood Brown, Russell Grainger Hines, and Nicholas James Rivera, all of Young Clement Rivers, LLP, of Charleston, for Respondent.

**PER CURIAM:**  Elwood Dixon and Jennifer Dixon appeal the circuit court's order reversing the magistrates court, arguing the circuit court erred in (1)

rendering its judgment based on a matter of law, (2) basing its decision on the magistrates court's construction of terms, (3) finding the 2010 bylaws were properly amended, (4) relying on ambiguous language to find the King's Grant Homeowners Association, Inc., (King's Grant) did not breach its contract, (5) finding no member vote was required for King's Grant to raise its regime fees, and (6) awarding King's Grant regime fees of $440. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the 2010 bylaws were properly amended, King's Grant did not breach its contract, and no vote was necessary for King's Grant to raise its regime fees: *Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) ("[T]he circuit court, pursuant to [section 18-7-170 of the South Carolina Code (1985)], in appeals from the magistrate[s] court, 'may affirm or reverse the judgment of the [magistrate], in whole or in part, as to any or all the parties or for errors in law or fact.'" (last alteration by court)); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) (stating absent an error of law an appellate court will affirm the circuit court if there are any facts supporting the circuit court's decision); *Baumann v. Long Cove Club Owners Ass'n*, 380 S.C. 131, 137-38, 668 S.E.2d 420, 424 (Ct. App. 2008) ("A corporation can only exercise the powers granted to it by law, its charter or articles of incorporation, and any by-laws made pursuant thereto."); *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct. App. 1993) ("The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties and, in determining that intention, the court looks to the language of the contract."); *id.* ("The court is limited to the interpretation of the contract made by the parties, regardless of its wisdom or folly, apparent unreasonableness, or failure of the parties to guard their rights carefully."); *C.A.N. Enters., Inc. v. S.C. Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988) ("When a contract is unambiguous, clear and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary and popular sense.").

2. As to the remaining issues: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.