**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2049**

UNITED PROPERTY & CASUALTY INSURANCE,

Plaintiff - Appellee,

v.

MARY ROE, individually and as a parent and natural guardian on behalf of Jane
Doe, a minor under the age of 18,

Defendant - Appellant,

and

JOSEPH STEPHEN HUNTER, SR.; ROSE WADFORD HUNTER,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at
Beaufort.  David C. Norton, District Judge.  (9:16-cv-02926-DCN)

Submitted: June 26, 2019                    Decided: July 10, 2019

Before WYNN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron E. Edwards, Lawrence E. Richter, Jr., THE RICHTER FIRM, LLC, Mt. Pleasant,
South Carolina, for Appellant.  Mary D. LaFave, CROWE LAFAVE, LLC, Columbia,

South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Roe and Jane Doe (collectively, "Roe/Doe") appeal the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to United Property & Casualty Insurance ("UPC"). The district court concluded that UPC had no duty to defend or indemnify Roe/Doe's claims against Joseph Stephen Hunter, Sr., who allegedly sexually abused Jane Doe for nearly ten years, and Rose Wadford Hunter, who they claim knew of and facilitated the abuse. We have reviewed the parties' briefs and joint appendix and find no reversible error.

Roe/Doe do not dispute the district court's findings as to Stephen Hunter; they challenge only the court's grant of summary judgment on their negligence and defamation claims against Rose Hunter. The district court properly accepted Roe/Doe's factual allegations from the underlying state complaint and granted summary judgment applying settled state law. *See Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992). The court correctly concluded that UPC had no duty to defend and indemnify Roe/Doe's negligence claims against Rose Hunter, noting that the policy's exclusion for damages "arising out of" sexual abuse covered all such claims regardless of the relevant actor or theory of liability. *Sphere Drake Ins. Co. v. Litchfield*, 438 S.E.2d 275, 277 (S.C. Ct. App. 1993). Finally, the district court correctly held UPC had no duty to defend and indemnify Roe/Doe's defamation claims against Rose Hunter, since Roe/Doe themselves alleged that Rose Hunter's actions were intentional. *See Miller v. Fid.-Phx. Ins. Co.*, 231 S.E.2d 701, 702 (S.C. 1977).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*